IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| OFELIA JUAREZ | § | |
| | § | |
| V. | § | Case No.: 2:10-CV-00011-AML VRG |
| | § | JURY |
| ESSEX CORPORATION d/b/a ESSEX | § | |
| GENTRY & ASSOCIATES CLAIMS | § | |
| SERVICES, INC. | § | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ESSEX INSURANCE COMPANY'S MOTION TO STAY PENDING APPRAISAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff, OFELIA JUAREZ, and files this Response to Defendant Essex Insurance Company's ("Essex") Motion to Stay Pending Appraisal and in support thereof would show the Court as follows:

### I.
### BACKGROUND

This is an insurance coverage dispute arising out of Defendants' failure to adequately investigate and pay covered losses to Plaintiff's property insured under a commercial property insurance coverage form issued by Essex. Plaintiff filed her Original Petition in this case on October 15, 2009 against Essex and Gentry & Associates Claims Services, Inc. ("Gentry"), based on the failure of Defendants to adequately investigate, process, adjust and pay covered losses under her policy. Plaintiff's causes of action against Essex include breach of contract and extra-contractual violations. Plaintiff's causes of action against Gentry arise under the Texas Insurance Code, not Plaintiff's policy of insurance with Essex.

On or about February 16, 2010, Essex removed this case to the Western District of Texas, San Antonio Division, and on February 23, 2010, the honorable Judge Fred Biery transferred the case to this Court.  On March 16, 2010, Plaintiff filed her Motion to Remand.  On or about March 25, 2010, Defendant filed its Response to Plaintiff's Motion to Remand and on March 29, 2010, Plaintiff filed her Reply.  Plaintiff's Motion to Remand is still pending with the Court.

## II.
## ARGUMENT AND AUTHORITIES

Essex has requested that the Court stay the entire case until such time as appraisal is complete.  This is an inappropriate remedy because not all Defendants have contractual rights to appraisal.[1]  Moreover, staying the case pending appraisal is unnecessary and judicially inefficient.

The trial court has discretion as to the timing of appraisal and failure to grant a motion to stay pending appraisal is not subject to mandamus.  *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002).   Requests for abatement during the appraisal process are considered unnecessary.  *Id.* ("In any event, the proceedings need not be abated while the appraisal goes forward."); *In re Clarendon Ins. Co.*, No. 02-04-00305-CV, 2004 Tex. App. LEXIS 11537 (Tex. App. – Fort Worth 2004, orig. proceeding)(mem. op.)(granting mandamus relief to compel appraisal, but refusing to order abatement).

---

[1] Defendant Gentry is not a party to the insurance contract and cannot invoke the appraisal clause.

In this case, there is no need to abate the entire case pending the appraisal because in addition to the breach of contract allegation against Essex, Plaintiff has alleged violations of the Texas Insurance Code, Deceptive Trade Practices Act and breach of the common law duty of good faith and fair dealing based on the failure of the Defendants to adequately investigate and adjust the claim.  *See In re Allstate County Mut. Ins. Co.*, 85 S.W.3d at 195.  These are separate and distinct causes of action that Plaintiff could have brought against Defendants even without alleging breach of contract.  *See Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 213-14 (Tex. 1988)(plaintiff states cause of action for breach of **good faith** and **fair dealing** by proving coverage, without bringing separate **breach of contract** cause of action); *Arnold v. Nat'l County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987); *Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990)([T]he Viles were not required to submit to the jury questions as to compliance with the proof of loss condition contained in their homeowner's policies, or alternatively a waiver thereof, as a prerequisite to maintaining a successful suit for breach of the duty of good faith and fair dealing.); *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 19-20 (Tex.1994)(citing *Viles*); *Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663, 666 (Tex. 1995).  The only thing necessary to sustain a bad faith cause of action in Texas is a covered loss, which Essex has tacitly admitted by invoking appraisal and not denying Plaintiff's claim.

Further, Plaintiff's allegations against Gentry that it violated the Texas Insurance Code are unaffected by appraisal and must still be litigated.  Thus, an abatement of the entire case pending appraisal would be unnecessary, inappropriate and judicially

3

inefficient. Indeed, the alternative causes of action and other disputes inappropriate for appraisal would still have to be litigated, regardless of how the appraisal process turns out. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007)(Texas law clearly authorizes Article 21.21 [541] actions against insurance adjusters in their individual capacities.); *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485-86 (Tex.1998).

Finally, evidence regarding Essex's investigation of the claim and handling of the claim are admissible for both the breach of contract and bad faith claims. Essex's routines and habits with regard to the processing of this type of claim are likewise admissible on both claims. Virtually all of Essex's conduct is probative on the contract issue as well as the extra-contractual issues. Since most of the evidence will speak to both issues, it is clear that abatement is unnecessary.

### III.
### CONCLUSION AND PRAYER

The Court should deny Essex's request to stay the case because it is unnecessary and denying the Motion will promote justice, avoid prejudice and promote judicial economy. Plaintiff prays that the Court deny Essex's Motion to Stay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Court to DENY Essex's Motion to Stay Pending Arbitration [sic] and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
(210) 472-1111-Telephone
(210) 472-1110-Facsimile

By: _____
    MARC E. GRAVELY
    State Bar No. 00787582
    MATTHEW R. PEARSON
    State Bar No. 00788173
    SHANNON E. LOYD
    State Bar No. 24045706

And

    ALFREDO Z. PADILLA
    State Bar No. 15405800
    104 N. 5TH Street
    P.O. Drawer 355
    Carrizo Springs, Texas 78834
    Telephone: (830) 876-9123
    Facsimile:   (830) 876-9531

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that the above response was served under both Rule 5 of the Federal Rules of Civil Procedure, and Rules 21 and 21a of the Texas Rules Civil Procedure, on the 19th day of July, 2010, upon the following counsel of record:

Beth D. Bradley
Tollefson Bradley Ball & Mitchell, LLP
2811 McKinney Ave., Suite 250
Dallas, Texas 75204
214-665-0100 Telephone
214-665-0199 Facsimile

                                        MATTHEW R. PEARSON